UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-0798 FMO (SSCx) | Date | September 9, 2024 |
|---|---|---|---|
| Title | Moises Ross v. Tata Consultancy Services Limited | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorney Present for Plaintiff(s): | | Attorney Present for Defendant(s): |
| None Present | | None Present |

**Proceedings:**   (In Chambers) Order Re: Motion to Remand [14]

Having reviewed and considered the briefing filed with respect to plaintiff Moises Ross's ("plaintiff") Motion for Order Remanding Action to State Court, (Dkt. 14, "Motion"), the court finds that oral argument is not necessary to resolve the Motion, see Fed. R. Civ. P. 78(b); Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

## BACKGROUND

On December 28, 2023, plaintiff filed a putative class action in state court against Tata Consultancy Services Limited ("defendant"), asserting claims for violations of the California Labor Code and California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, et seq. (See Dkt. 1, Notice of Removal ("NOR") at ¶ 1); (Dkt. 1-3, Complaint). Plaintiff alleges, among other things, that defendant "at times, failed to play Plaintiff and the Class, or some of them, for all hours worked, including minimum, straight time, and overtime wages[,]" and that defendant "would, at times, manufacture time keeping records to falsely show that plaintiff and the Class took meal periods when in fact they worked 'off-the-clock', uncompensated." (Dkt. 1-3, Complaint at ¶ 15); (id. at ¶¶ 34). Plaintiff also alleges that defendant failed to provide legally compliant meal and rest breaks to plaintiff and the Class "or some of them" (id. at ¶¶ 16-17), and willfully failed to "timely pay Plaintiff and the Class, or some of them, all final wages due at their termination of employment." (Id. at ¶ 18). Plaintiff seeks to represent a class comprised of "[a]ll persons who worked for . . . Defendant in California as an hourly-paid or non-exempt employee at any time during the period beginning four years and 178 days before the filing of the initial complaint in this action and ending when notice to the Class is sent." (Dkt. 1-3, Complaint at ¶ 25).

On January 29, 2024, defendant removed the action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d). (See Dkt. 1, NOR at ¶ 12). Now pending is plaintiff's motion to remand. (See Dkt. 14, Motion).

## LEGAL STANDARD

Removal of a civil action from the state court where it was filed is proper if the action might

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-0798 FMO (SSCx) | Date | September 9, 2024 |
|---|---|---|---|
| Title | Moises Ross v. Tata Consultancy Services Limited | | |

have originally been brought in federal court. See 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]"). "CAFA provides expanded original diversity jurisdiction for class actions meeting the amount in controversy and minimal diversity and numerosity requirements set forth in 28 U.S.C. § 1332(d)(2)." United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co., 602 F.3d 1087, 1090-91 (9th Cir. 2010); see Ibarra v. Manheim Invs., Inc., 775 F.3d 1193, 1195 (9th Cir. 2015) ("A CAFA-covered class action may be removed to federal court, subject to more liberalized jurisdictional requirements[.]"). Under CAFA, "district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant[.]" 28 U.S.C. § 1332(d)(2).

"[N]o antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89, 135 S.Ct. 547, 554 (2014). Indeed, "Congress intended CAFA to be interpreted expansively." Ibarra, 775 F.3d at 1197.

**DISCUSSION**

Plaintiff contends that defendant has not shown, by preponderance of the evidence, that the amount in controversy exceeds the $5 million CAFA threshold, and therefore, diversity jurisdiction does not exist. (See Dkt. 14, Motion at 7-14). According to plaintiff, defendant's calculations are unreasonable and based on speculative assumptions. (See id.). Defendant responds that plaintiff's claims could reasonably range between $7,562,070.12 and $14,864,806.91, satisfying CAFA's amount-in-controversy requirement. (See Dkt. No. 22, Defendant['s] Opposition to Plaintiff's Motion to Remand ("Opp.") at 9).

"A defendant's amount in controversy allegation is normally accepted when invoking CAFA jurisdiction, unless it is 'contested by the plaintiff or questioned by the court.'" Jauregui v. Roadrunner Transportation Services, Inc., 28 F.4th 989, 992 (9th Cir. 2022) (quoting Dart Cherokee, 574 U.S. at 87, 135 S.Ct. at 553). "When plaintiffs favor state court and have prepared a complaint that does not assert the amount in controversy, or that affirmatively states that the amount in controversy does not exceed $5 million, if a defendant wants to pursue a federal forum under CAFA, that defendant in a jurisdictional dispute has the burden to put forward evidence showing [by a preponderance of the evidence] that the amount in controversy exceeds $5 million, to satisfy other requirements of CAFA, and to persuade the court that the estimate of damages in controversy is a reasonable one." Ibarra, 775 F.3d at 1197; Rodriguez v. AT&T Mobility Servs. LLC, 728 F.3d 975, 981 (9th Cir. 2013). "The parties may submit evidence outside the complaint, including affidavits or declarations, or other summary-judgment-type evidence relevant to the amount in controversy at the time of removal." Ibarra, 775 F.3d at 1197 (internal quotation marks omitted). "CAFA's requirements are to be tested by consideration of real evidence and the reality

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-0798 FMO (SSCx) | Date | September 9, 2024 |
|---|---|---|---|
| Title | Moises Ross v. Tata Consultancy Services Limited | | |

of what is at stake in the litigation, using reasonable assumptions underlying the defendant's theory of damages exposure." Id. at 1198.

The amount-in-controversy "does not mean likely or probable liability; rather, it refers to possible liability." Greene v. Harley-Davidson, Inc., 965 F.3d 767, 772 (9th Cir. 2020). It "reflects the maximum recovery the plaintiff could reasonably recover." Arias v. Residence Inn by Marriott, 936 F.3d 920, 927 (9th Cir. 2019) (emphasis in original). "[W]hen the defendant relies on a chain of reasoning that includes assumptions to satisfy its burden of proof, the chain of reasoning and its underlying assumptions must be reasonable ones." LaCross v. Knight Transp. Inc., 775 F.3d 1200, 1202 (9th Cir. 2015). The underlying "assumptions cannot be pulled from thin air[.]" Ibarra, 775 F.3d at 1199.

The "burden of demonstrating the reasonableness of the assumptions on which the calculation of the amount in controversy [is] based remain[s] at all times with [the defendant]." Harris v. KM Indus., Inc., 980 F.3d 694, 701 (9th Cir. 2020). However, a defendant does not need to "provide evidence proving the assumptions correct[,]" as this would be akin to "impos[ing] a requirement that [the defendant] prove it actually violated the law at the assumed rate." Arias, 936 F.3d at 927. "An assumption may be reasonable if it is founded on the allegations of the complaint." Id. at 925.

As an initial matter, plaintiff contends in his reply that defendant has failed to provide "summary-judgment-type-evidence" supporting its amount in controversy figures. (See Dkt. 25, Plaintiff's Reply in Support of Motion ("Reply") at 1) ("Defendant fails to put forth a single piece of evidence supporting removal."). However, the Declaration of Jeevak Sharma in Support of Defendant['s] Opposition ("Sharma Decl."), provides the: (1) number of class members – current and former – during the relevant period; (2) number of separations; (3) number of work weeks and pay periods; (4) average hourly wage rates; and (5) number of shifts that equaled or exceeded six and eight hours. (See Dkt. 22-1, Sharma Decl. at ¶¶ 12, 15-16). Under the circumstances, the court is persuaded that the Sharma Decl., coupled with plaintiff's allegations, is sufficient to support defendant's amount-in-controversy calculations. See, e.g., La Grow v. JetBlue Airways Corp., 2024 WL 3291589, *7 (C.D. Cal. 2024) (finding similar declaration sufficient to support violation rate assumptions and calculations); Yorba v. Government Employees Ins. Co., 2024 WL 3442416, *2 (S.D. Cal. 2024) ("[A] declaration from a knowledgeable employee along with allegations in the complaint can satisfy the defendant's burden, even without other evidence such as payroll or timekeeping records.").

Regarding the meal and rest break claims, defendant assumes alternative 10% and 20% violation rates, resulting in potential damages of $3,765,144.24 and $7,530.288.48, respectively.[1]

---

[1] A 10% violation rate on 497,643 shifts eligible for at least one meal and one rest period results in 49,764 potential meal and 49,764 rest period violations. (See Dkt. 22, Opp. at 18); (Dkt. 22-1, Sharma Decl. at ¶ 15.A). With a $37.83 per hour rate, (Dkt. 22-1, Sharma Decl. at ¶ 12.C.),

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-0798 FMO (SSCx) | Date | September 9, 2024 |
|---|---|---|---|
| Title | Moises Ross v. Tata Consultancy Services Limited | | |

(See Dkt. 22, Opp. at 18-19). Plaintiff argues that these violation rates are speculative because they are based on "100% of all employees . . . hav[ing] experienced a violation[,]" (Dkt. 25, Reply at 10); (see id. at 1-2), which runs counter to the complaint's allegations limiting violations to "at times" or to "the Class, or some of them." (See id. at 9) (emphasis in original); (Dkt. 1-3, Complaint at ¶ 53) (alleging that defendant "at times, failed to provide Plaintiff and the Class, or some of them, with both meal periods as required by California law"); (Id. at ¶ 57) (alleging that defendant "at times failed to authorize Plaintiff and the Class, or some of them, to take rest breaks").

However, the limiting language – "or some of them" – is alleged in the alternative, i.e., that violations were suffered by "plaintiff and the Class, or some of them[.]" (Dkt. 1-3, Complaint at ¶¶ 53, 57). But as one court noted concerning a similar allegations, the "complaint does not allege that the violations occurred only to a subset of the class; rather, it pleads that these violations happened to all potential class members, or, in the alternative, to some of them." Chavoya v. Merrill Gardens L.L.C., 2024 WL 3219724, *8 (E.D. Cal. 2024). "Assuming to be true the [alternative] allegation that plaintiff and the class suffered the violations, the maximum amount in controversy includes damages based on violations as to all class members." Id.; see Greene, 965 F.3d at 772 (amount in controversy "does not mean likely or probable liability; rather, it refers to possible liability"); Arias, 936 F.3d at 927 ("[T]he amount in controversy reflects the maximum recovery the plaintiff could reasonably recover.") (emphasis omitted).

Plaintiff also contends that the 10% and 20% violation rates are speculative. (See Dkt. 25, Reply at 10-11). He asserts that defendant has not "point[ed] to any allegation in the Complaint or any summary-judgment-type evidence to support its assumption[s.]" (Id. at 10). But as noted above, defendant did point to summary-judgment-type evidence – the Sharma Declaration – and the allegations in the Complaint to arrive at the 10 and 20% violation rates. (See Dkt. 22, Opp. at 15, 17-18); (Dkt. 22-1, Sharma Decl.). To the extent plaintiff maintains that defendant was required to provide business records, (see Dkt. 25, Reply at 1, 5), the court is unpersuaded. See Enomoto v. Siemens Industry, Inc., 2023 WL 8908799, *2 (9th Cir. 2023) ("A defendant is permitted to rely on a declaration from an individual who has reviewed relevant employee payroll and wage data to support its amount in controversy allegations."). Given the allegations in the Complaint, and the data provided in the Sharma Decl., violation rates of 10% and 20% appear to be reasonable. See Arias, 936 F.3d at 927 (defendant not required to "prove it actually violated the law at the assumed rate" or that the "assumptions made part of the defendant's chain of reasoning . . . be proven"); see, e.g., La Grow, 2024 WL 3291589, at *4 (accepting 25% violation rate despite limiting language in complaint such as "from time to time" and "periodically"); Alfaro v. Banter by Piercing Pagoda, 2022 WL 1284823, *3 (C.D. Cal. 2022) ("A 25% violation rate is entirely reasonable considering the plain text of Plaintiff's allegations place some, but not all, of

---

there would be $3,765,144.24 in missed meal and rest periods. (See Opp. at 19). With a 20% violation rate, the total amount for meal and rest period violations would be $7,530,288.48. (See id.).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-0798 FMO (SSCx) | Date | September 9, 2024 |
|---|---|---|---|
| Title | Moises Ross v. Tata Consultancy Services Limited | | |

the meal and rest break periods in controversy."). Indeed, accepting a 20% violation rate for the meal and rest period claims alone places the amount in controversy above the $5 million CAFA threshold.[2]

## CONCLUSION

**This Order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

Based on the foregoing, IT IS ORDERED THAT plaintiff's Motion to Remand **(Document No. 14)** is **denied**.

|  | 00 | : | 00 |
|---|---|---|---|
| | Initials of Preparer | | vdr |

---

[2] Because these claims put the amount in controversy over the threshold, the court need not address the other claims.